**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4165

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NICOLE MARIE HILL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  John A. Gibney, Jr., Senior District Judge.  (2:21-cr-00101-JAG-LRL-1)

Submitted:  May 21, 2025                       Decided:  May 30, 2025

Before NIEMEYER, HARRIS, and HEYTENS, Circuit Judges.

Dismissed in part, affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:** Donna L. Biderman, LAW OFFICE OF DONNA L. BIDERMAN, PLLC, Fairfax, Virginia, for Appellant.  Amanda L. Cheney, Assistant United States Attorney, Norfolk, Virginia, Daniel J. Honold, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nicole Marie Hill pleaded guilty, pursuant to a written plea agreement, to one count of witness tampering to influence, delay, and prevent testimony, in violation of 18 U.S.C. § 1512(b)(1). The district court sentenced Hill to 72 months' imprisonment and three years' supervised release, in addition to several mandatory, standard, and special conditions of supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), finding no meritorious grounds for appeal, but questioning whether Hill's guilty plea was knowing and voluntary and whether her appeal waiver was valid. Although advised of her right to do so, Hill has not filed a supplemental pro se brief. The Government moves to dismiss Hill's appeal as barred by the appeal waiver in her plea agreement with respect to any ground within the waiver's scope. We grant the Government's motion to dismiss in part, deny the motion in part, and affirm Hill's conviction. However, because the district court erred in connection with Hill's sentencing, we vacate her sentence and remand for plenary resentencing.

We start with the recognition that Hill's waiver of her appellate rights, even if valid, does not prevent our review of the validity of her guilty plea. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). "[T]o be constitutionally valid, a plea of guilty must be knowingly and voluntarily made." *United States v. Paylor*, 88 F.4th 553, 560 (4th Cir. 2023) (internal quotation marks omitted). Prior to accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that she understands, the rights she is relinquishing by pleading guilty, the nature of the charge to which she is pleading, and the applicable maximum and any mandatory minimum penalties

2

she faces. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that there is a factual basis for the plea, Fed. R. Crim. P. 11(b)(3).

Because Hill did not move to withdraw her plea, we review the adequacy of the Fed. R. Crim. P. 11 plea colloquy for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). Our review of the record confirms that the district court substantially complied with Rule 11 and ensured that Hill's plea was knowing, voluntary, and supported by an adequate factual basis.

Hill's counsel nevertheless questions whether Hill's plea was knowing and voluntary because she maintained her innocence throughout the criminal proceedings. However, our review of the record reveals that although Hill initially asserted that the statement of facts supporting the factual basis for her plea was not true and that she was "made" to sign it, she later acknowledged that she had attacked a potential witness and that she knew that conduct was against the law. Further, the district court returned several times to the factual basis for Hill's plea, and Hill confirmed that she had read the statement and reviewed it with her attorney, that it was accurate, that there was nothing in it that was untrue, and that she was pleading guilty because she was guilty. We therefore conclude that Hill's guilty plea is valid.

With respect to Hill's waiver of her appellate rights, "[w]e review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks

3

omitted).    An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.*  "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *McCoy*, 895 F.3d at 362 (internal quotation marks omitted).

Our review of the record confirms that, contrary to counsel's assertion, Hill knowingly and intelligently waived her right to appeal her conviction and sentence, with limited exceptions not applicable here.  Hill's waiver of appellate rights is valid and enforceable as to any issue falling within its scope, so we grant the Government's motion in part.

In accordance with *Anders*, we have also reviewed the record for any meritorious issues falling outside the scope of the waiver, and we have found one such issue.  Because a defendant has a right to be present when she is sentenced, a district court is required to orally pronounce at sentencing all discretionary conditions of supervised release.  *United States v. Rogers*, 961 F.3d 291, 296-99 (4th Cir. 2020); *see also United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021) ("[I]n order to sentence a defendant to a non-mandatory condition of supervised release, the sentencing court must include that condition in its oral pronouncement of a defendant's sentence in open court.").  "[T]he heart of a *Rogers* claim is that discretionary conditions appearing for the first time in a written judgment in fact have not been imposed on the defendant."  *Singletary*, 984 F.3d at 345 (cleaned up).  Therefore, the remedy for a *Rogers* error is to vacate the sentence and remand for a full

4

resentencing. *See id.* at 346 & n.4. Even a valid appeal waiver cannot bar review of an error under *Rogers*, *id.* at 344-45, and we review this issue de novo, *United States v. Smith*, 117 F.4th 584, 604 (4th Cir. 2024), *cert. denied* , 145 S. Ct. 1340 (2025).

Here, the district court included three special conditions of supervised release in Hill's written judgment that it did not orally pronounce or incorporate at sentencing. *See id.* at 604, 607. The court failed to announce Special Condition 3 (requiring Hill to participate in a mental health treatment program), Special Condition 4 (requiring Hill to obtain a vocational skill during supervision), and Special Condition 5 (prohibiting Hill from being in contact with the victim.). Additionally, the district court only partially announced several of the other special conditions reflected in the judgment. *See id.* at 604 (recognizing that inconsistencies "between oral pronouncements of the court in the sentencing proceedings and the later-entered written criminal judgment" amount to error under *Rogers*). Accordingly, the district court's errors under *Rogers* require vacatur of the entire sentence and a remand for full resentencing. *See id.* at 607.

In accordance with *Anders*, we have reviewed the entire record and have found no other meritorious grounds for appeal. We therefore grant the Government's motion to dismiss in part, deny the motion in part, and affirm Hill's conviction. However, because the district court erred in connection with Hill's sentencing, we vacate Hill's sentence and remand for sentencing.

This court requires that counsel inform Hill, in writing, of the right to petition the Supreme Court of the United States for further review. If Hill requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move

in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hill. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*